**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION**

| | | |
|---|---|---|
| MONA'LITA O'NEAL, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. H-07-4521 |
| | § | |
| DURWOOD F. COLLUM, and G & P TRUCKING CO., INC., | § § § | |
| | § | |
| Defendants. | § | |

**MEMORANDUM AND OPINION**

This is a vehicle collision case. The plaintiff, Mona'Lita O'Neal, alleges that Durwood Collum, an employee of G&P Trucking, the defendant, negligently operated the tractor-trailer he was driving by changing lanes when it was unsafe to do so, striking her car and causing her to hit the guard rail. O'Neal also sued Collum but did not effect service. O'Neal was represented when the case was filed and has been proceeding *pro se* since this court granted her lawyer's motion for leave to withdraw.

G&P Trucking has moved for summary judgment, arguing that the undisputed facts show that as a matter of law, Collum was not negligent as alleged. (Docket Entry No. 22). G&P Trucking asserts that the evidence in the record, viewed in the light favorable to O'Neal, would not allow a reasonable factfinder to conclude that the tractor-trailer was negligently operated in a way that caused O'Neal's vehicle to hit the guardrail. G&P

Trucking has attached as summary judgment evidence the accident report and related documents and an affidavit of the police officer who investigated the accident. (*Id.*, Exs. A, B, C). O'Neal has failed to respond.

The record shows that on January 16, 2007, Sergeant Gary Nezat with the Scott Police Department investigated an accident that had occurred in Scott, Louisiana. The accident involved a green 2001 Mitsubishi Montero driven by Mona'Lita O'Neal and a 2007 International Tractor driven by Durwood Collum. The accident occurred in the outside westbound lane of I-10, next to the guardrail, as the vehicles were traveling west.

Sergeant Nezat observed that the Mitsubishi was most heavily damaged on the driver's side, with some damage on the passenger side. The tractor-trailer had green paint markings matching the color of the Mitsubishi located on the rear of the trailer closest to the tractor on the passenger side. There was also damage to the rearmost passenger side tire along the lip of the rim.

Sergeant Nezat spoke with O'Neal, who told him that she was "not really sure what happened." He also spoke with Collum, who did not know he had been involved in a crash. Dawud Shadid, who was O'Neal's husband, told Sergeant Nezat that he had been traveling ahead of O'Neal in a separate vehicle.

The next day, Sergeant Nezat went back to the scene. He saw physical evidence showing where O'Neal left the road from the outside westbound lane of I-10 and struck a guardrail. Approximately 42 feet of guardrail was damaged. The damage ended at a point

where the guardrail became concave. At the point where the guardrail damage ended, there was a debris field in the road. The initial point of contact with the guardrail was east of the location of a debris field in the outside westbound lane of I-10, which Sergeant Nezat determined to be the point of impact between the Mitsubishi and the tractor. Sergeant Nezat was able to conclude that O'Neal's vehicle first made contact with the guardrail and traveled down the guardrail until the concave portion of the guardrail forced the vehicle back into the outside westbound lane, where it contacted the trailer pulled by Collum's tractor. Sergeant Nezat concluded that Collum's tractor did not force O'Neal's vehicle off the road and that Collum had not caused the accident. Instead, O'Neal's "careless operation of her vehicle" caused her to hit the guardrail first, then hit the tractor-trailer. Nezat believed that O'Neal may have fallen asleep.

O'Neal has not responded to the summary judgment motion. The evidence is undisputed. The affidavit testimony of Sergeant Nezat is consistent with the information in the traffic crash report documents attached.

Summary judgment is appropriate if no genuine issue of material fact exists and the moving party is entitled to judgment as a matter of law. *See* FED. R. CIV. P. 56. Under FED. R. CIV. P. 56(c), the moving party bears the initial burden of "informing the district court of the basis for its motion, and identifying those portions of [the record] which it believes demonstrate the absence of a genuine issue of material fact." *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986); *Stahl v. Novartis Pharmaceuticals Corp.*, 283 F.3d 254, 263 (5th Cir.

2002).  If the burden of proof at trial lies with the nonmoving party, the movant may either (1) submit evidentiary documents that negate the existence of some material element of the opponent's claim or defense, or (2) if the crucial issue is one on which the opponent will bear the ultimate burden of proof at trial, demonstrate the evidence in the record insufficiently supports an essential element or claim.  *Celotex*, 477 U.S. at 330.  The party moving for summary judgment must demonstrate the absence of a genuine issue of material fact, but need not negate the elements of the nonmovant's case.  *Bourdeaux v. Swift Transp. Co., Inc.,* 402 F.3d 536, 540 (5th Cir. 2005). "An issue is material if its resolution could affect the outcome of the action." *Weeks Marine, Inc. v. Fireman's Fund Ins. Co.*, 340 F.3d 233, 235 (5th Cir.2003) (citing *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986)).  If the moving party fails to meet its initial burden, the motion for summary judgment must be denied, regardless of the nonmovant's response.  *Baton Rouge Oil & Chemical Workers Union v. ExxonMobil Corp.*, 289 F.3d 373, 375 (5th Cir. 2002).

When the moving party has met its Rule 56(c) burden, the nonmoving party cannot survive a motion for summary judgment by resting on the mere allegations of its pleadings. The nonmovant must identify specific evidence in the record and articulate the manner in which that evidence supports that party's claim. *Johnson v. Deep E. Texas Reg'l Narcotics Trafficking Task Force,* 379 F.3d 293, 305 (5th Cir.2004).  The nonmovant must do more than show that there is some metaphysical doubt as to the material facts.  *Armstrong v. Am.*

*Home Shield Corp.,* 333 F.3d 566, 568 (5th Cir.2003). In deciding a summary judgment motion, the court draws all reasonable inferences in the light most favorable to the nonmoving party. *Calbillo v. Cavender Oldsmobile, Inc.*, 288 F.3d 721, 725 (5th Cir. 2002); *Anderson*, 477 U.S. at 255. "Rule 56 '*mandates* the entry of summary judgment, after adequate time for discovery, and upon motion, against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial.'" *Little v. Liquid Air Corp.*, 37 F.3d 1069, 1075 (5th Cir. 1994)(quoting *Celotex*, 477 U.S. at 322).

The summary judgment record shows that as a matter of law, Collum was not negligent in operating the tractor-trailer and did not cause the collision with the Mitsubishi or the collision between the Mitsubishi and the guardrail. The motion for summary judgment is granted. Final judgment is entered by separate order.

SIGNED on February 17, 2009, at Houston, Texas.

_____
            Lee H. Rosenthal
      United States District Judge